By the Court.
Lane was plaintiff in the common pleas, and his action was on the official bond of Selders, as constable of Rushcreek township, Logan county, for the -alleged *346 wrongful sale of certain chattels which Lane claimed as exempt, in lieu of a homestead.
It appears that in November, 1878, one Stillwell commenced a civil' action against Lane, before a justice of the peace for the said township, and at the same time an order of attachment was duly issued, which was then levied on the goods named, by the constable, who took them into possession. Lane was then unmarried, and not the head of a family. The action before the justice proceeded to judgment against Lane, and the goods were sold on an order of sale issued thereon.
After the levy of the attachment and before the sale, Lane was married and demanded that the property be set off to him in lieu of a homestead, which the officer refused.
In the common pleas, on the foregoing facts, judgment was given against Lane.
In the district court, on error, this judgment was reversed. To reverse this judgment of reversal, is the object of the present proceeding.
The sole question is: Was the judgment debtor, by reason of his subsequent marriage, entitled to claim the goods as exempt as against the lien of the attachment ?
We are unanimously of opinion that he was not so entitled.
The question involves the construction of section 5441, Revised Statutes, providing an additional exemption in property to the amount of $500 in value, to the head of a family who is not the owner of a homestead. The statute provides that such head of a family “may hold exempt from levy and sale,” etc.
In this case, at the time of the levy, he was admittedly not entitled to the exemption; and his claim, based on his subsequent marriage, is neither within the letter nor spirit of the statute.
Judgment of district court reversed, and common pl(ias affirmed.